UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUNG VAN NUGYEN (A-025-394-426), <br><br> Petitioner, <br><br> v. <br><br> WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, <br><br> Respondent. | No.  1:26-cv-2590 DC CSK <br><br><br> FINDINGS & RECOMMENDATIONS |

Petitioner, a native and citizen of Vietnam, is a former immigration detainee who filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  Respondent's motion to dismiss is before the Court.  As discussed below, the Court recommends that the motion to dismiss be granted, and this action be dismissed as moot.

**I.     BACKGROUND**

Petitioner filed his petition for writ of habeas corpus on April 6, 2026.  (ECF No. 1.)  On April 9, 2026, this Court issued a briefing order, and advised the parties of the obligation to keep the court apprised of their current address.  (ECF No. 6.)  Respondent filed an answer on April 16, 2026.  (ECF No. 7.)  On April 16, 2026, petitioner's copy of the briefing order was returned as undeliverable.  On June 3, 2026, this Court issued a further briefing order, requiring respondent to file additional immigration documents and any supplemental briefing by 5:00 p.m. on June 8,

1

2026.  Petitioner was granted leave to file a supplemental response on or before June 18, 2026. (ECF No. 10.)  On June 6, 2026, respondent submitted the additional immigration documents and filed a motion to dismiss.  (ECF No. 11.)  Petitioner did not file a supplemental response, an opposition to the motion to dismiss, or otherwise respond to respondent's motion to dismiss.  (Id.)

## II.    DISCUSSION

In the form petition, petitioner challenged his continued detention based on the violation of the following:   (1) petitioner's prolonged detention violates the Fifth Amendment procedural due process clause (claims one and four); (2) third country removal policies violate the Fifth Amendment, 8 U.S.C. § 1231, the Convention Against Torture, Implementing Regulations and the Administrative Procedures Act ("APA") (claim two); and (3) punitive third country banishment violates the Eighth and Fifth Amendments (claim three).  (ECF No. 1 at 15-18.)

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In the motion to dismiss, respondent argued that the petition is now moot because petitioner was removed to Vietnam on June 2, 2026, pursuant to a final order of removal, and petitioner's detention has ended.  (ECF No. 11 at 1 (citing ECF No. 7, Ex. 1).)  Because petitioner is no longer in ICE custody, the Court finds that the petition is moot.  See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" due to petitioner's subsequent deportation, "curing his complaints about the length of his . . . detention").  In light of petitioner's deportation, the Court recommends that respondent's motion to dismiss be granted, and this action be dismissed.

///

## III.    CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 11) be granted.

2.  The petition for writ of habeas corpus be dismissed.

3.  The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 23, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/vann2590.157.2241.imm.moot